F I L E D
CLERK, U.S. DISTRICT COURT

JUNE 17 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RS _____ DEPUTY

Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff-Relator,
**RELATOR, LLC**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiff,<br><br>*ex rel.* **RELATOR LLC**, a California limited liability company,<br><br>        Relator,<br><br>    v.<br><br>**COLE HARRIS**, an individual, **DEJA LLC**, a California limited liability company; and  DOES 1-10,<br><br>        Defendants. | Case No.<br>**2:22-CV-04178-MEMF-RAOx**<br><br>**COMPLAINT FOR VIOLATIONS OF FEDERAL FALSE CLAIMS ACT**<br><br>**FILED** *IN CAMERA* **UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br><u>**DO NOT PLACE ON PACER**</u><br><br>**JURY TRIAL DEMANDED** |

///

///

COMPLAINT

Plaintiff RELATOR LLC (hereinafter referred to as "Plaintiff") complains of **COLE HARRIS**, an individual (the "Individual Defendant"), **DEJA LLC.**, a California limited liability company (the "Corporate Defendant"); and DOES 1-10 (together with the Corporate Defendant and the Individual Defendant, collectively, the "Defendants"), and alleges as follows:

## I.   INTRODUCTION

1.     This is a case about greed during a national health emergency. In this case, Cole Harris, an individual, a businessman (through an entity he wholly owned and controlled) requested and received a PPP loan in the amount of **$2,604,300.00** for the stated purpose of covering payroll costs for his workers, however the employees did not exist, and the money was used for prohibited purposes. Astonishingly, this individual once ran for public office (for Lt. Governor in 2018) in the State of California on a platform of reform.

2.     On their loan application with respect to the PPP Loan (as defined below), Corporate Defendant reported 306 employees and requested $2,604,300.00. However, the Corporate Defendant did not have 306 employees. This statement was false.

3.     The money was borrowed for employees that did not actually exist. It should have been returned. It has not been returned.

4.     The Defendants made many material false statements to the

2

COMPLAINT

government to obtain this large loan and did it for an impermissible purpose.

5. Defendants communicated in writing, deceptive statements, including without limitation, with respect to the necessity of the loan proceeds, the number of employees, the calculation of the loan amount, the purpose of the loan, and the use of the proceeds, among others.

6. Plaintiff-Relator, Relator LLC on behalf of the United States of America brings this action to recover treble damages, civil penalties, and costs under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, and to recover damages and other monetary relief under the common law and equitable theories of unjust enrichment and payment by mistake.

7. This action arises from numerous false statements and claims that the Defendant knowingly presented to the United States and the United States Small Business Administration ("SBA") and lenders acting on the SBA's behalf, in violation of the FCA and common law.

8. The Defendants unlawfully obtained millions of dollars of PPP Proceeds (as defined below), and failed to return or repay the money.

9. In summary, the Individual Defendant used the Corporate Defendant to obtain a large PPP loan from the government. He deceptively completed the SBA loan application by seeking money for employees of the Corporate Defendant when none actually existed.

COMPLAINT

## II.    THE PARTIES

10.    Plaintiff-Relator LLC, is a California limited liability company with its principal place of business in Los Angeles, California.

11.    Defendant Cole Harris ("Individual Defendant") is an individual and, at all relevant times herein, is and was the sole member and manager of Corporate Defendant.

12.    Defendant Deja LLC, is a California limited liability company ("Corporate Defendant") with its principal place of business 655 N Central Ave 17th Floor, Glendale, California 91203.

13.    During round 1 of the paycheck protection program, Corporate Defendant applied for a PPP loan for **$2,604,300.00**. It was approved on April 30, 2020 by the SBA for an amount of **$2,604,300.00**. The loan was facilitated by Sunwest Bank. Corporate Defendant received 100% of the approved amount. On its application for this loan, Corporate Defendant stated that it had 306 employees with an average salary of $40,852.00 per year. Said loan hereafter referred to as the "PPP Loan."

## III.    The CARES Act and Paycheck Protection Program

14.    On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("the CARES Act" or "the Act") (Pub. L. 116-136) became law and provided emergency assistance and health care response for individuals, families, and businesses affected by the coronavirus pandemic. SBA received funding and

COMPLAINT

authority through the Act to modify existing loan programs and establish a new

loan program to assist small businesses nationwide adversely impacted by the

COVID-19 emergency.

15.    The CARES Act authorized loans to eligible small businesses

struggling to pay employees and other business expenses as a result of the

devastating effect of the COVID-19 pandemic.

16.    Section 1102 of the CARES Act temporarily permitted the SBA to

guarantee 100 percent of 7(a) loans under a new program titled the "Paycheck

Protection Program" ("PPP").

17.    On April 24, 2020, the Paycheck Protection Program and Health Care

Enhancement Act (Pub. L. 116-139) became law and provided additional funding

and authority for the PPP. On June 5, 2020, the Paycheck Protection Program

Flexibility Act of 2020 (Flexibility Act) (Pub. L. 116-142) became law and changed

key provisions of the Paycheck Protection Program, including provisions relating to

the maturity of PPP loans, the deferral of PPP loan payments, and the forgiveness

of PPP loans. Case 9:20-cv-81717-DMM Document 52 Entered on FLSD Docket

05/20/2022 Page 2 of 28

18.    Under the PPP, in 2020, eligible businesses could obtain one SBA

guaranteed PPP loan. Businesses were required to spend loan proceeds for

employee compensation, rent or mortgage, and other specified expenses and,

COMPLAINT

depending on their use of the loan proceeds, could qualify for loan forgiveness, up

to the full amount of the loan.

     19.    The SBA delegated authority to third-party lenders to underwrite and

approve the PPP loans. In order to obtain a PPP loan, a qualifying business (through

its authorized representative) signed and submitted a PPP loan application (SBA

Form 2483) online through the lender's application platform. The PPP loan

application (SBA Form 2483) required the business (through its authorized

representative) to acknowledge the PPP program rules and make certain affirmative

certifications in order to be eligible to obtain the PPP loan.

     20.    Once the Borrower submitted its PPP loan application (SBA Form

2483) to a Lender, the participating lender processed the PPP loan application. If a

PPP loan application (SBA Form 2483) was approved by the participating lender, it

thereafter funded the PPP loan using its own monies, which were 100% guaranteed

by the SBA.

     21.    After the Lender processed and approved a borrower's PPP loan

application (Form 2483), but prior to the closing of the PPP loan, the Lender

submitted to the SBA, the Lender's Application - Paycheck Protection Program

Loan Guaranty (SBA Form 2484) to the SBA applying for a guarantee on the loan.

For a PPP loan to be approved, the Lender was required to Answer Yes to the

following questions in the Lender's Application - Paycheck Protection Program

COMPLAINT

Loan Guaranty (SBA Form 2484) as to the Borrower's certification of its General

Eligibility to receive a PPP Loan:

| | | Yes | No |
|---|---|---|---|
| • | The Applicant has certified to the Lender that (1) it was in operation on February 15, 2020, has not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099MISC; (2) current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant; (3) the funds will be used to retain workers and maintain payroll, or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures; and (4) the Applicant has not and will not receive another loan under the Paycheck Protection Program, section 7(a)(36) of the Small Business Act (15 U.S.C. 636(a)(36)) (this does not include Paycheck Protection Program second draw loans, section 7(a)(37) of the Small Business Act (15 U.S.C. 636(a)(37)). | ☐ | ☐ |

SBA Form 2484 (emphasis added). Therefore, if a PPP borrower lied on its

PPP loan application (SBA Form 2483), the PPP borrower's false certification

caused the Lender to submit to the SBA with respect to that PPP Loan, a Lender's

Application - Paycheck Protection Program Loan Guaranty (SBA Form 2484) that

contained the PPP borrower's False Statement.

    22.    SBA Form 2483 provides the following certification, among others "I

have read the statements included in this form, including the Statements Required

by Law and Executive Orders, and I understand them" (hereafter the

"Understanding Certification").

23.    SBA Form 2483 provides the following certification, among others

"The Applicant is eligible to receive a loan under the rules in effect at the time this

application is submitted that have been issued by the Small Business

Administration (SBA) implementing the Paycheck Protection Program under

Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act

(CARES Act) (the Paycheck Protection Program Rule)" (hereafter the "Eligibility

Certification").

24.    SBA Form 2483 provides the following certification, among others

"All SBA loan proceeds will be used only for business-related purposes as specified

in the loan application and consistent with the Paycheck Protection Program Rule"

(hereafter the "Use of Proceeds Certification")

25.    SBA Form 2483 additionally provides the following certification,

among others: "Current economic uncertainty makes this loan request necessary to

support the ongoing operations of the Applicant" (hereafter the "Economic

Necessity Certification").

26.    SBA Form 2483 additionally provides the following certification,

among others: "The funds will be used to retain workers and maintain payroll or

COMPLAINT

make mortgage interest payments, lease payments, and utility payments, as

specified under the Paycheck Protection Program Rule; I understand that if the

funds are knowingly used for unauthorized purposes, the federal government may

hold me legally liable, such as for charges of fraud" (hereafter the "Worker

Retention and Payroll Certification.")

27.    SBA Form 2483 additionally provides the following certification,

among others: "During the period beginning on February 15, 2020 and ending on

December 31, 2020, the Applicant has not and will not receive another loan under

the Paycheck Protection Program." (hereafter the "Single Loan Certification.")

28.    SBA Form 2483 additionally provides the following certification,

among others: "I further certify that the information provided in this application and

the information provided in all supporting documents and forms is true and accurate

in all material respects. I understand that knowingly making a false statement to

obtain a guaranteed loan from SBA is punishable under the law, including under 18

USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of

up to $250,000; under 15 USC 645 by imprisonment of not more than two years

and/or a fine of not more than $5,000; and, if submitted to a federally insured

institution, under 18 USC 1014 by imprisonment of not more than thirty years

and/or a fine of not more than $1,000,000" (hereafter the "No False Statements

Certification").

COMPLAINT

29.     After the borrower submitted the PPP loan application, that application was then processed by a participating lender. If a PPP loan application was approved, the participating lender funded the loan using its own monies, which were then guaranteed by the SBA. Generally, in the event that the borrower defaulted on a PPP loan, the SBA would purchase the borrower's debt from the lending financial institution and take on the responsibility for paying back the loan.

30.     Under the applicable PPP rules and guidance, recipients of PPP loans could apply to have the interest and principal on the PPP loan fully forgiven, meaning that the borrower would owe nothing and would have no obligation to repay the PPP loan. To obtain full forgiveness of the PPP loan, borrowers had to attest that they had "not reduced the number of employees or the average paid hours of [their] employees" during the loan period, that the loan proceeds had been spent on payroll costs and other permitted expenses and that at least 60% of the loan proceeds had been spent on payroll costs (hereafter the "Loan Forgiveness Certification").

31.     Loans could only be used for certain permitted expenses, such as to fund payroll costs and employee benefits, such as health insurance, to pay for, mortgage interest, rent, utilities or worker protection costs related to COVID19.

### IV.    Defendants' False Statements and Misuse of Proceeds

32.     Defendants applied for and received the PPP Loan in the total amount of $2,604,300.00. In order to receive the loan, Defendants would have to have

COMPLAINT

completed SBA Form 2483 entitled "Borrower Application Form". In doing so, Defendants intentionally made materially false statements with respect to the Eligibility Certification, the Use of Proceeds Certification, the Economic Necessity Certification, the Worker Retention and Payroll Certification, the No False Statements Certification and the Loan Forgiveness Certification.

33.    Defendants signed the loan applications, thereby endorsing the Understanding Certification, which means that they agreed that they understood the rules and guidelines of the PPP, including, without limitation the rules regarding use of proceeds and the certifications made.

34.    The proceeds of the PPP Loan were not and could not have been used only for business-related purposes consistent with the Paycheck Protection Program Rule, because, among other things, Corporate Defendant did not have 306 employees at the time the loan was disbursed, therefore when Defendants made the Use of Proceeds Certification, the certification was false.

35.    The proceeds of the PPP Loan were not necessary to support the ongoing operations of Corporate Defendant. Therefore, when Defendants made the Economic Necessity Certification, the certification was false.

36.    The proceeds of the PPP Loan were not used to retain workers and maintain payroll, and therefore when Defendants made the Worker Retention and Payroll Certification, the certification was false.

COMPLAINT

37.     On their loan applications, Defendants intentionally made several key statements which were false and intended to deceive. These key false statements by Defendant made it possible for them to get the loans.

38.     By virtue of the above false statements, when Defendants made the No False Statements Certification, that certification was false.

## V.     THE FALSE CLAIMS ACT

39.     Plaintiff alleges that, from at least April 30, 2020 through the time of the filing of this Complaint, Defendants violated the FCA by "knowingly" submitting and/or causing the submission of false claims for payment to lenders authorized by the SBA to process PPP loan applications in the form of PPP Applications and the resulting receipt and failure to return PPP loans. These claims for payment were false because Defendants: (1) made knowingly false statements and certifications in their PPP applications, and in certifications accompanying its receipt of federal PPP funds, that it was complying with, and would continue to comply with, applicable laws and regulations governing the award of PPP loans; and/or (2) made, or caused to be made, false representations in loan applications that the Corporate Defendants were eligible to receive such PPP loans. Moreover, Defendants' false claims caused on numerous occasions each of Harvest Small Business Finance, LLC and Bank of America, National Association to submit to the SBA, a Lender's Application - Paycheck Protection Program Loan Guaranty (SBA Form 2484) that contained Defendants' false statement concerning Defendants' general eligibility for the PPP loans, on which the SBA relied and paid to the lenders.

40.     The False Claims Act prohibits fraudulent conduct in connection with

COMPLAINT

federal programs, including the knowing submission of false claims for payment to

the government. See 31 U.S.C. § 3729(a)(1)(A). In these circumstances, liability

may attach if the omission renders those representations misleading. 41. 31 U.S.C.

§ 3729(a)(1)(A) and (B) of the FCA provide that:

> (1) . . . any person who—
>
> (A) knowingly presents, or causes to be presented, a false or fraudulent

claim for payment or approval; [or]

> (B) knowingly makes, uses, or causes to be made or used, a false

record or statement material to a false or fraudulent claim,

> . . .
>
> (G) knowingly makes, uses, or causes to be made or used, a false

record or statement material to an obligation to pay or transmit money or property

to the Government, or knowingly conceals or knowingly and improperly avoids or

decreases an obligation to pay or transmit money or property to the Government,

is liable to the United States Government . . .

> 31 U.S.C. § 3729(a)(1)(A), (B), and (G) (2020).
>
> 42. The scope of a false or fraudulent claim is to be broadly construed.

As used in the FCA, a "claim"

> (A) means any request or demand, whether under a contract or

otherwise, for money or property and whether or not the United States has title to

the money or property, that—

> (i) is presented to an officer, employee, or agent of the United States;

or

> (ii) is made to a contractor, grantee, or other recipient, if the money or

property is to be spent or used on the Government's behalf or to advance a

COMPLAINT

Government program or interest, and if the United States Government—

(I) provides or has provided any portion of the money or property requested or demanded; or

(II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded; . . .

31 U.S.C. § 3729(b)(2) (2020).

41.     A person who violates the False Claims Act during the time period at issue "is liable for a civil penalty as adjusted, plus 3 times the amount of damages which the United States Government sustains because of the act of that person." 31 U.S.C. § 3729(a). See 28 C.F.R. § 85.3(a)(9); Department of Justice, 28 CFR Part 85, Civil Monetary Penalties Inflation Adjustments for 2022 published at: https://www.govinfo.gov/content/pkg/FR-2022-05-09/pdf/2022-09928.pdf.

## VI.     JURISDICTION & VENUE

42.     This Court has subject matter jurisdiction over the Plaintiff's claims brought under the FCA, 31 U.S.C. §§ 3279, et seq., pursuant to 31 U.S.C. §§ 3730 and 3732. This Court has supplemental jurisdiction to entertain the common law and equitable causes of action under 28 U.S.C. § 1367(a).

43.     This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because at all times material hereto, Defendants transacted business and are found in the Central District of California, and acts proscribed by 31 U.S.C. § 3729 occurred in this district.

44.     Venue is proper in this district pursuant to 31 U.S.C. § 3732(a), and under 28 U.S.C. §§ 1391(b) and 1395(a), because the Corporate Defendant is

COMPLAINT

headquartered in Los Angeles County, within the Central District of California.

Moreover, the Individual Defendant resides and does business in Los Angeles

County within the Central District of California. Furthermore, acts that form the

basis of this Complaint occurred in the Central District of California.

45.     Relator's claims and this Complaint are not based upon prior public

disclosures of allegations or transactions in a federal criminal, civil, or

administrative hearing in which the Government or its agent is a party; in a

congressional, Government Accountability Office, or other federal report, hearing,

audit, or investigation; or from the news media. To the extent that there has been a

public disclosure unknown to Relator, it is the "original source" within the meaning

of 31 U.S.C. § 3730(e)(4)(B) and/or the public disclosure is a result of Relator

voluntarily providing this information to the United States Government prior to

filing this *qui tam* action.

## VII.   FIRST CAUSE OF ACTION

**FALSE OR FRAUDULENT CLAIMS (31 U.S.C. § 3729.(a)(1)(A-B))**

46.     Plaintiff alleges and incorporates by reference each and every

allegation contained in all prior paragraphs of this complaint.

47.     This is a claim for treble damages and penalties under the False Claims

Act, 31 U.S.C. § 3729, *et seq.*, as amended.

48.     By virtue of the acts described above, Defendants knowingly

1  presented, or caused to be presented, to an officer or employee of the United States

2  government, false or fraudulent claims for payment or approval, in violation of the

3

4  FCA, 31 U.S.C. § 3729(a)(l)(A).

5      49.    By virtue of the acts described above, Defendants knowingly made or

6  used, or caused to be made or used, false or fraudulent records or statements

7

8  material to false or fraudulent claims for payment by the Government.

9      50.    Because of the Defendants' acts, the United States sustained damages

10

11  in an amount to be determined at trial and, therefore, is entitled to treble damages

12  under the FCA, plus civil penalties of not less than $12,537.00 and not more than

13  $25,076.00 for each and every violation arising from Defendants' unlawful conduct

14  alleged herein.

15

16

17                              **PRAYER FOR RELIEF**

18

19      WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against

20  Defendants, as follows:

21      1.  That this Court enter judgment against each Defendant in an amount equal

22

23          to three times the damages that the United States has sustained because of

24          Defendants' action, plus a civil penalty of not less than $12,537.00 and

25          not more than $25,076.00 for each and every false claim as are required

26

27          by law, together with all such further relief as may be just and proper.

28

COMPLAINT

2.  Such other relief as this Court may deem just and proper, together with interest and costs of this action.

3.  Reasonable attorney fees, litigation expenses, and costs of suit

### **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 16, 2022                                  THE LAW OFFICE OF HAKIMI & SHAHRIARI

By:    /s/ Anoush Hakimi
_____
ANOUSH HAKIMI, ESQ.
Attorney for Plaintiff

17

COMPLAINT